UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

BRAD J. ABRAHAM,

        Plaintiff,

  v.                                            Case No. 23-cv-1671-pp

KILOLO KIJAKAZI,

        Defendant.

_____

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2)**

_____

        The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

        Federal law requires a person who files a complaint in federal court to pay $405—a filing fee of $350 (28 U.S.C. §1914(a)) and a $55 administrative fee (Judicial Conference of the United States District Court Miscellaneous Fee Schedule Effective the December 1, 2023, #14). To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

        Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff's request indicates

1

that he is not employed and he is not married. Dkt. No. 2 at 1. The plaintiff checked "No" when asked whether he has any dependents he is responsible for supporting, id., but he later notes that he owes child support, id. at 4. The plaintiff lists income of $300 per month from his parents and $291 per month in Foodshare. Id. at 2. The plaintiff lists $511 in monthly expenses ($381 groceries, $90 cleaning supplies and toiletries, $40 gas). Id. at 2-3. The plaintiff does not list an amount for rent, id., but he later notes that his parents pay his rent, id. at 4. The plaintiff owns a 1999 Mazda B2500 worth approximately $500, he does not own his home or any other property of value and he has $19 cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff states, "My parents pay for most of my expenses outside of food. This includes my rent. Arrears for child support I owe were put on hold while my SSI claim was open and I have not been making payments." Id. at 4. The plaintiff has demonstrated that he cannot pay the $405 fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that he was denied social security benefits for lack of disability, that he is disabled and that the conclusions and findings of fact by the Commissioner when denying benefits are not supported by substantial evidence and are contrary to law and regulation. Dkt. No. 1 at 1-2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 14th day of December, 2023.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**